IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK OF THE FAMILY ENGEL,<br><br>Plaintiff,<br><br>vs.<br><br>MATHEW C. VOLKER,<br><br>Defendant. | 8:25CV390<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the pro se plaintiff's "Petition" and "Application for Temporary Restraining Order with Equitable Relief and Preliminary Injunction" (Filing No. 1). For the reasons set forth below, the plaintiff's request for injunctive relief will be denied.

      In his filing, plaintiff invokes Fed. R. Civ. P. 65(b) and seeks an order "enjoining [the defendant] from committing malicious prosecution with the intent to harm Plaintiff." (Filing No. 1 at 2). The plaintiff alleges that the defendant "inten[ds] to prosecute [him] by asserting that [the plaintiff] was driving while suspended . . . pursuant to Neb. Rev. Stat. [§] 43-3314." (Filing No. 1 at 2). The plaintiff alleges he is not "subject to enforcement provisions under" Title IV-D of the Social Security Act[1] and that "the required disclosure of [his social security number] has in fact resulted in the encroachment of [his] inherent rights to life liberty and my pursuit of happiness and deprivation" of several constitutional rights. (Filing No. 1 at 1, 4).

---

[1] *See* 42 U.S.C. §§ 651–669(b). Under Title IV-D of the Social Security Act, states are required to establish procedures for suspending occupational, drivers, and recreational licenses to improve effectiveness of child support enforcement. *See id.* § 666(a). Nebraska did so through the License Suspension Act. *See* Neb. Rev. Stat. §§ 43-3301–3326.

But the plaintiff's request for injunctive relief is premature. The plaintiff filed what is—by the Court's reading—a motion for injunctive relief without first filing a complaint. Courts, including the Eighth Circuit, have held that a district court cannot entertain a motion for preliminary injunction without a complaint. *Betone v. Cheyenne River Sioux Tribal Council,* 104 F. App'x 604 (8th Cir. 2004) ("We agree with the district court that absent a complaint, [a motion for preliminary injunction] could not be entertained." (citations omitted)); *Powell v. Rios*, 241 Fed. Appx. 500, 505 n. 4 (10th Cir. 2007) ("[O]nly a properly-filed complaint can commence a civil action" and "(a)bsent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief"); *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2nd Cir. 1985); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002).

So too here. The plaintiff's filing fails to explain how the Court has jurisdiction over the subject matter or the parties, set forth factual allegations supporting his claims, or include a demand for the relief sought—essential components for pleadings that state claims for relief, like a complaint. *See* Fed. R. Civ. P. 8(a). Thus, the Court cannot "entertain[ ]" the plaintiff's request for injunctive relief. *Betone,* 104 F. App'x at 604.

The substance of the plaintiff's filing highlights those problems.[2] The plaintiff says that "immediate and irreparable damage to the Court's ability to grant effective final relief for Plaintiff in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendant of his assets or records unless Defendant is immediately restrained and enjoined by order of this Court." (Filing No. 1 at 5). But it is not apparent to the Court how that relief—the *only* form of relief mentioned in his filing—relates to the substance of his claims, whatever they may be. *See, e.g., Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir.2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."). Nor is the Court persuaded that the plaintiff has shown "the threat of irreparable harm" without injunctive relief. *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013).

---

[2] To the extent the plaintiff seeks to enjoin a pending state criminal prosecution against him, the Court may be required to abstain from exercising jurisdiction over such a claim under *Younger* and its progeny. *See Younger v. Harris*, 401 U.S. 37 (1971); *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011).

Fed. R. Civ. P. 65(b)(1) presents another issue. The Court can only issue a temporary restraining order "without written or oral notice to the adverse party or its attorney," as the plaintiff asks it to do here, if two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The plaintiff has not met either condition—his filing is not an affidavit or *verified* complaint and there is no certification as to whether the plaintiff made any effort to give notice to the defendant. His pro se status is no reason to disregard those requirements. *See Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002).

The plaintiff's request for injunctive relief will therefore be denied without prejudice. To pursue his legal claims, the plaintiff must first file a complaint that complies with the Federal Rules of Civil Procedure. If the plaintiff intends to pursue preliminary relief, he must *separately* file a motion that complies with Fed. R. Civ. P. 65. Accordingly,

**IT IS ORDERED:**

1. The plaintiff's Application for Temporary Restraining Order with Equitable Relief and Preliminary Injunction (Filing No. 1) is denied without prejudice.
2. The plaintiff must file a complaint within thirty days of this Memorandum and Order. If the plaintiff fails to file a complaint, this case will be dismissed without further notice.
3. If the plaintiff intends to pursue preliminary relief, he must separately file a motion that complies with Fed. R. Civ. P. 65 after he files a proper complaint.

Dated this 11th day of June, 2025.

BY THE COURT:

Susan M. Bazis
United States District Judge