IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK: ENGEL, | |
| Plaintiff, | 8:25CV390 |
| vs. | |
| MATHEW C. VOLKER, and SARPY COUNTY ATTORNEY, | ORDER |
| Defendants. | |

This case comes before the court on review of the docket. Plaintiff filed an application for temporary restraining order and preliminary injunction on June 11, 2025. (Filing No. 1). Summons was issued to Mathew C. Volker. (Filing No. 2). On June 11, 2025 United States District Judge Susan M. Bazis denied Plaintiff's application without prejudice and directed Plaintiff to file a complaint within thirty days. (Filing No. 5). The court noted that if Plaintiff intends to pursue preliminary relief, he must separately file a motion that complies with Fed. R. Civ. P. 65 after filing a proper complaint. Plaintiff filed a complaint on July 10, 2025. (Filing No. 7). On July 16, Judge Bazis entered the following text order:

> TEXT ORDER regarding Complaint 7. The plaintiff has complied with the Courts Memorandum and Order 5 directing him to file a complaint. The plaintiff is advised, however, that he must also effect service of a summons and a copy of the complaint on the defendant pursuant to Fed. R. Civ. P. 4. If the plaintiff fails to do so within the deadline set forth in Fed. R. Civ. P. 4(m), the Court will issue an order to show cause why this case should not be dismissed for failure to prosecute.

1

(Filing No. 8, text order mailed to Plaintiff). On August 14, 2025, Plaintiff delivered to the court a document titled "Affidavit of Service" purportedly showing "Direct Service. The Server handed the documents to a person identified as the Recipient." (Filing No. 9). The recipient is identified as Defendant Mathew C. Volker.

Fed. R. Civ. P. 4(b) provides that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal," and Fed. R. Civ. P. 4(c) provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(2) provides that service may be accomplished by "any person who is at least 18 years old and *not a party* [to the lawsuit]." (emphasis added).

Upon review of the docket, Plaintiff's purported service of Defendant Mathew C. Volker is deficient under Rule 4 because Plaintiff did not request summons after filing the complaint, he did not serve a copy of the summons with the complaint, and as a party to this lawsuit Plaintiff cannot personally serve the summons and complaint on Defendant.

The undersigned notes that despite these service deficiencies, there is still time for Plaintiff to request summons and serve Defendant under Fed. R. Civ. P. 4(m). Accordingly,

IT IS ORDERED:

1. Filing No. 9 is stricken as the summons was not properly executed upon defendant under Fed. R. Civ. P. 4.

2. Plaintiff is directed to request new summons and effect service of the summons and a copy of the complaint (Filing No. 7) on Defendant(s) pursuant to Fed. R. Civ. P. 4. (See Filing No. 8).

3. Plaintiff is reminded to follow the Federal Rules of Civil Procedure and this court's Local rules.

> The Federal Rules of Civil Procedure are posted online at: https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure

The Local Rules for the United States District Court for the District of Nebraska are posted on the court's website at: https://www.ned.uscourts.gov/attorney/local-rules

4. The Clerk shall mail a copy of this order to Plaintiff at his address of record.

Dated this 20th day of August, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge