IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK OF THE FAMILY ENGEL, | |
| Plaintiff, | 8:25CV390 |
| vs. | |
| MATHEW C. VOLKER. | ORDER |
| Defendants. | |

This matter comes before the court on Defendant's Motion to Strike (Filing No. 15). Defendant argues that Plaintiff has still not completed proper service against Mathew Volker pursuant to Fed. R. Civ. P. 4. The court agrees and will order the return of service (Filing No. 14) be stricken.

Plaintiff did not file a response to Defendant's Motion to Strike. While he did later file a "Brief in Support of Opposition" (Filing No. 19), it appears that was largely in response to Defendant's separate Motion to Dismiss currently pending with the district court. (Filing No. 17). Plaintiff did not address therein the allegations of defective service raised in the Motion to Strike. Pursuant to our local rules, NECivR 7.1(b)(C), while a failure to file an opposition brief is not considered a confession of the motion, it does preclude Plaintiff from contesting the moving party's statement of facts.

Those facts are straightforward and were previously described in the court's order addressing the issue of service entered on August 20, 2025. That information need not be repeated in full here. In short, Plaintiff has been instructed to effect service of a summons

and a copy of the complaint on Defendant twice now, with reference to the relevant rules, but has still not done so.

On July 16, 2025, United States District Judge Susan M. Bazis ordered Plaintiff to "effect service of a summons and a copy of the complaint on the defendant pursuant to Fed. R. Civ. P. 4" and warned that failure to do so may result in a show-cause order. (Filing No. 8, text order mailed to Plaintiff). Plaintiff filed a return of summons on August 14, 2025, representing that he served the documents "to a person identified as the Recipient," Defendant Mathew C. Volker. (Filing No. 9). But the undersigned ordered that the return be stricken because Fed. R. Civ. P. 4(c)(2) provides that service to be by "any person who is at least 18 years old and *not a party* [to the lawsuit]." (emphasis added). Because it appeared Plaintiff had served the documents himself, the service was improper. (Filing No. 10).

Plaintiff tried again on September 2, 2025, when he filed a new return of summons. (Filing No. 14). Therein, it appears a Seth Engel served the documents on "Diane at Sarpy County Courthouse Att. Office," who was described as "Diane is mid 60's, short blond/white hair Blue shirt, blue jeans." (*Id.*). That service is still improper because "Diane" is not the named Defendant and she cannot accept service on behalf of an individual named in the suit.

Pursuant to Fed. R. Civ. P. 4(e), service on an individual may be accomplished by following state law where the district is located or, by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Nebraska law provides that service on an individual may be by "personal, residence, certified mail, or designated delivery service." *Neb. Rev. Stat.* §25-508.01. The proof of

service filed here shows that none of these methods were accomplished. While Plaintiff did apparently enlist the assistance of another person at least 18 years or older, that person attempted service at the Sarpy County Courthouse, which is not Defendant's "usual place of abode" or residence. Plaintiff has named Defendant in this matter only as an individual. Indeed, he expressly disclaimed earlier any intention to seek relief against the "Sarpy County Attorney." (Filing No. 11). There is no indication that "Diane" at the Sarpy County Courthouse is an agent authorized by appointment to receive service of process on Defendant's behalf. Accordingly, the service continues to be defective.

It appears the time for Plaintiff to effect service is now expired pursuant to Fed. R. Civ. P. 4(m), which provides in part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed his complaint on July 10, 2025, meaning the deadline to effect service expired on October 8, 2025. To date, Plaintiff has not shown good cause for his failure to effect service, and he has had sufficient notice, with the court's reference to the applicable rules in its prior orders. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996 (A pro se party is not excused from complying with the Federal Rules of Civil Procedure).

But Plaintiff has made some efforts to try to effect service. He promptly filed a return of service after filing his complaint, albeit it defectively, and he made efforts to do the same after his prior return was stricken. The court will give him one more opportunity to effect proper service in this case. As another judge of this district recently noted, a plaintiff of course bears the burden of showing sufficient process and service, but "dismissal is not invariably required where service is ineffective. Rather, when a plaintiff fails to properly serve process, the Court has the discretion to either dismiss the action or

quash service and allow the plaintiff to re-serve the defendant." *Goins v. Father Flanagan's Boys' Home*, 2024 WL 4225894, at *1 (D. Neb. Sept. 18, 2024) (internal citations omitted) (noting that even though the plaintiff did not respond to defendant's motion, "the Court sees his effort to serve process as a good faith attempt to comply with the rules, and the defendant has not argued that it was somehow prejudiced by the improper service (nor is such prejudice conceivable)").

For these reasons, IT IS ORDERED:

1. Defendant's Motion to Strike (Filing No. 15) is granted;
2. Filing No. 14 is stricken as the summons was not properly executed upon Defendant under Fed. R. Civ. P. 4. The Clerk shall update the docket accordingly;
3. Plaintiff shall have thirty (30) days, or no later than November 22, 2025, to request new summons and effect service of process of the summons and a copy of the complaint. Failure to properly serve the defendant within that time will result in the undersigned recommending the dismissal of his lawsuit;
4. The Clerk shall mail a copy of this order to Plaintiff at his address of record.

Dated this 23rd day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge