IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIRK OF THE FAMILY ENGEL, | ) | 8:25CV390 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| MATTHEW C. VOLKER, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, Defendant Matthew C. Volker, Deputy Sarpy County Attorney, by and through this attorney of record, and in support of the Motion to Dismiss offers the following brief.

## NATURE OF THE CASE

Plaintiff originally filed an "Application for Temporary Restraining Order with Equitable Relief and Preliminary Injunction," on June 11, 2025, and later filed a "Verified Complaint for Declaratory and Injunctive Relief" (hereinafter "*Complaint*") on July 10, 2025. (Filing No. 7). Plaintiff seeks an order "preliminarily and permanently enjoining the Sarpy County Attorney's Office and Matthew Volker from taking any action to enforce the foregoing provisions against Plaintiff." Plaintiff has made four separate attempts to accurately serve Defendant with a copy of the Summons and Complaint. (Filing No. 6, 9, 14, and 22). Defendant Matthew C. Volker denies all allegations and affirmatively asserts that this Court lacks jurisdiction over Defendant and Plaintiff's claims.

## STANDARD OF REVIEW FOR DISMISSAL

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. "Dismissal under Fed. R. Civ. P. 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and destined to fail, thereby sparing

litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the facts, when taken as true, do not raise more than a speculative right to relief. *Benton v. Merrill Lunch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). For a claim to rise above the speculative level, a complaint must contain factual content that allows a court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

I.     Dismissal is appropriate as this Court lacks jurisdiction over Defendant.

    a.     Defendant again argues that adequate service of process has not been made to properly convey jurisdiction over Defendant(s).

The Federal Rules of Civil Procedure govern service of process, and dictates how, by whom, and when service of process is considered proper. Pursuant to Fed. R. Civ. P. 4(c)(1), the summons must be served with a copy of the complaint. Pursuant to Fed. R. Civ. P. 4(c)(2), any person, who is at least eighteen (18) years of age, and *not* a party to the suit, may serve the summons *and* complaint. Emphasis added.  Pursuant to Fed. R. Civ. P. 4(e)(1-2), any person may be served by following state law for serving a summons brought in courts of general jurisdiction in the state; or …. "delivering a copy of each to an agent authorized by appointment or law to receive service of process." Properly effected service of process is a fundamental element of any lawsuit. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). If a defendant is not properly served, a federal court lacks jurisdiction over said defendant whether or not that defendant has actual notice of the suit. *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 885 (8th

Cir. 1996). Notice to a defendant, and a defendant's limited appearance for the purpose of objecting to service, does not waive the rules governing service of process. *Id*.

The Plaintiff bears the burden to appoint "*an appropriate person*" to serve a copy of the complaint and summons upon a defendant, who is usually a commercial process servicer plaintiff has contracted with to effectuate service for a fee." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(1). The intent of the common law rule prohibiting a party to the case making service of process is to discourage fraudulent service by persons with an adversarial interest in a legal action and prevent unnecessary burden on the courts. 62B Am. Jur. 2d Process § 120. *See Caldwell v. Coppola*, 219 Cal. App. 3d 859, 268 Cal. Rptr. 453 (4th Dist. 1990). The Court of Appeals of North Carolina recently addressed the issue of a party to the case being physically present while a third party attempted to make service. *Ponder v. Been*, 919 S.E.2d 527, 535 (N.C. Ct. App. 2025). The plaintiff in *Ponder* claimed that he needed to assist the private process server to locate the defendant. *Id* at 534. The court determined that this was a pretext, and that plaintiff had abused the legal process in order to trespass on defendant's property and confront the defendant. *Id* at 535. The court notes that even if the process server needed assistance in locating the defendant, there was "no legitimate need for plaintiff to get out of his car…." Id.

Plaintiff's latest attempt to properly serve Defendant Matthew C. Volker with the Complaint and Summons still does not satisfy the requirements of Fed. R. Civ. P. 4(c)(2). On October 27, 2025, Plaintiff filed an "Summons Returned Executed." (Filing No. 22).  Based on this filing, it appears Plaintiff enlisted a third party and again attempted service upon Defendant Matthew C. Volker. What Plaintiff does not tell the Court in this filing is that Plaintiff was personally present at the time a Mr. Seth Engel handed the Complaint and Summons to Defendant and that Plaintiff himself made multiple statements to Defendant regarding the case and attempted service at this

time. (Exhibit A). There was no legitimate need for Plaintiff to assist Mr. Seth Engel in completing such attempted service. Plaintiff, acting in conjunction with Mr. Seth Engel, has again failed to comply with the plain language of the rules, which this Court has provided to him. Plaintiff, by being physically present and interacting with Defendant at the time of attempted service, has circumvented the intent of the rules and such service is not sufficient to confer jurisdiction of this Court upon Defendant.

II.    Remaining Claims, if any.

    a.    Defendant Matthew C. Volker should be dismissed as not subject to suit.

Pursuant to Fed. R. Civ. P. 17(b), whether a party, other than an individual or corporation, has the capacity to be sued is determined by the law of the state where the court is located. Each county in Nebraska may sue and may be sued in its own name. Neb. Rev. Stat. § 23-101. The same is not true of county offices and departments. Eighth Circuit courts have consistently held that County departments are not subject to suit. See *Winslow v. Smith*, 672 F.Supp.2d 949, 964 (D.Neb.2009) (sheriff's and county attorney's offices); *Griggs v. Douglas County Corrections Center*, No. 8:07CV404, 2008 WL 1944557, at *1 (D.Neb. Apr. 29, 2008) (county corrections department); *Holmstedt v. York County Jail Supervisor* (Name unknown), 15 Neb. App.893, 739 N.W.2d 449, 461 (2007) (county sheriff's department) *rev'd on other grounds*, 275 Neb. 161, 745 N.W.2d 317 (2008); *Jameson v. Plischke*, 184 Neb. 97, 165 N.W.2d 373, 376 (1969) (county board of supervisors).

Matthew C. Volker should also be dismissed from suit in his official capacity. "Suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). "Suits against persons in their official capacity are just another method of filing suit against the entity." *Parrish v. Luckie*, 963

F.2d 201, 203 n.1 (8th Cir. 1992). Pursuant to Neb. Rev. Stat. § 23-1201, it is the duty of a county attorney, or their deputy, to prosecute an appropriate criminal proceeding on behalf of the state and county when in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of either a felony or a misdemeanor. Here, Defendant Matthew C. Volker is engaged within the scope of his statutory functions as a deputy county attorney to prosecute the case in question on behalf of the State of Nebraska and Sarpy County. Defendant Matthew C. Volker is not subject to suit for actions taken within the scope of his statutory functions as a deputy county attorney.

      b. Plaintiff has failed to plead any facts for which relief could be granted.

          i. Collective allegations

As an initial matter, Plaintiff's claims against Defendant are vague and not specifically pled. Determining whether a complaint states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. (citing Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Plaintiff generally alleges constitutional violations due to a claimed lack of due process before license suspension. Plaintiff does not allege specific actions that Defendant Matthew Volker took to that lead to this alleged lack of due process. In fact, Sarpy County prosecutors have no control on when a license is suspended or the procedure by which such suspension takes place. Due to Plaintiff's failure to specifically allege actions taken by Defendant

Matthew Volker that alleged caused Plaintiff's claimed harm, the complaint should therefore be dismissed against Defendant Matthew Volker.

ii.  Defendant(s) are entitled to prosecutorial immunity.

Even if Plaintiff would have accurately plead some right to relief against Defendant(s), prosecutors are immune from liability when engaged in prosecutorial functions. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's evidence at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Here, Defendant Matthew Volker is engaged within the scope of his employment acting on behalf of the State of Nebraska when prosecuting Plaintiff in the County Court of Sarpy County and entitled to absolute immunity and such claims must be dismissed.

iii.  Plaintiff has not met the requirements under the Political Subdivisions Tort Claim Act.

It may be interpreted, when reading Plaintiff's Complaint and Motion for Temporary Restraining Order together, that Plaintiff intends to pursue a claim of malicious prosecution against Defendant. Plaintiff has failed, however, to sufficiently plead facts that would bring forward this claim in his Complaint. Even if Plaintiff has specifically pled a claim of malicious prosecution, such claim must be dismissed as Plaintiff has failed to follow notice requirements under the Political Subdivision Tort Claims Act ("PSTCA"), Neb. Rev. Stat. § 13-901 et seq. Such notice requirements are a precondition of any suit. Neb. Rev. Stat. § 13-905. Further, Defendant and Sarpy County as a legal entity are specifically exempted under Neb. Rev. Stat. § 13-910(7), for "any claim arising out of assault, battery, false arrest, imprisonment, *malicious prosecution*, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights…." Emphasis

added. Therefore, there is additional protection for the County to be immune from suit beyond the prosecutorial immunity afforded to Defendant Matthew C. Volker and any claim must be dismissed.

## CONCLUSION

Defendant Matthew C. Volker respectfully requests Plaintiff's Complaint be dismissed in its entirety, with prejudice, and for such other further relief the Court deems appropriate.

Dated this 30th day of October 2025.

<div style="margin-left:40%">

MATTHEW C. VOLKER
Defendant.

By: _____
Kayla L. Starbuck, #27392
kstarbuck@sarpy.gov
Deputy Sarpy County Attorney
1210 Golden Gate Dr., Suite 1420
Papillion, NE 68046
(402) 593-2230

</div>

## CERTIFICATE OF SERVICE

I, Kayla L. Starbuck, hereby certify that on October 30, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record and that a true and correct copy of the foregoing was sent to the following, first class United States mail, postage prepaid.

Kirk: Engel
306 Kouba Drive
Bellevue, NE 68005

<div style="margin-left:40%">

By: _____
Kayla L. Starbuck, #27392

</div>